UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DENNIS COONEY                                                                                           PLAINTIFF
ADC #132948

V.                                            No. 4:23-CV-00219-DPM-BBM

BROCKMAN, Sgt., Faulkner
County Detention Center;
HUFFMAN, Captain, Faulkner
County Detention Center; SCOTT,
Lt., Faulkner County Detention
Center; TIM RYALS; and DOES,
Captain, "John" and "Jane,"
Faulkner County Detention Center                                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     **INTRODUCTION**

On March 20, 2023, Plaintiff Dennis Cooney ("Cooney") and fifty-nine other inmates filed a single *pro se* § 1983 Complaint, alleging that they were being subjected to unconstitutional conditions in the Faulkner County Detention Center. (Doc. 1). In

conformance with the Court's general practice, the Complaint was severed into sixty individual cases.

After Cooney demonstrated his eligibility to proceed *in forma pauperis*, the Court entered an Order, reflecting its initial screening of Cooney's claims.[1] (Doc. 5). That Order noted several deficiencies in Cooney's Complaint and allowed him 30 days to correct those deficiencies in an Amended Complaint. (Doc. 5 at 3–4). Primarily, the Court noted that the Complaint did not contain any specific factual allegations explaining how *Cooney's* rights had been violated or how any Defendant was personally involved in any such violation.

Cooney has now filed an Amended Complaint. (Doc. 6). Accordingly, the Court will proceed with screening.

**II.    DISCUSSION**

In his Amended Complaint, Cooney alleges that the "Faulkner County Courts and Faulkner County Center" jailed inmates in retaliation for exercising their rights. (Doc. 6 at 4). He also claims that "Judges and retired Judges" have benefited by "unlawfully confining inmates for profit." *Id.* Cooney does not elaborate on these allegations.

Despite being given the opportunity to file an Amended Complaint, Cooney still fails to allege any facts stating how *his* constitutional rights were violated. Moreover, Cooney names "Sgt. Brockman," "Capt. Huffman," "Lt. Scott," and "Tim Ryals" as Defendants but fails to assert how any of those Defendants violated the Constitution. *See*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b).

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that, to state a viable § 1983 claim, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

Given the absence of any specific factual allegations in his Complaint and Amended Complaint, Cooney fails to state a viable claim for relief under 28 U.S.C. § 1983.

### III.  CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Cooney's Complaint and Amended Complaint (Doc. 1; Doc. 6) be DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted;

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 213 L. Ed. 2d 1065, 142 S. Ct. 2837 (2022); and

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

DATED this 13th day of November, 2023.

_____
UNITED STATES MAGISTRATE JUDGE